276 So.2d 283 (1973)
STATE of Louisiana
v.
Doris Reed ENLOE.
No. 52424.
Supreme Court of Louisiana.
March 26, 1973.
Rehearing Denied May 7, 1973.
Gravel, Roy & Burnes, Richard V. Burnes, Alexandria, for defendant-appellee.
William J. Guste, Jr., Atty. Gen., Walter L. Smith, Jr., Asst. Atty. Gen., Edwin O. Ware, Dist. Atty., for plaintiff-appellant.
BAILES, Justice.
This is an appeal by the State from a ruling of the trial court quashing a bill of indictment.
On April 21, 1971 a duly impaneled Grand Jury for the Parish of LaSalle returned a true Bill of Indictment charging the defendant, Doris Reed Enloe, with the crime of murder (La.R.S. 14:30). Pursuant to the provisions of La.C.Cr.P. Art. 532(9), the defendant through counsel filed a motion to quash the indictment alleging that the general venire and the petit jury venire were improperly constituted by virtue *284 of the jury service exemptions provided in Art. 7, Sec. 41 of the La.Const. of 1921 and La.C.Cr.P. Art. 402. These latter provisions provide to members of the female sex an exemption from jury service unless they file a declaration with the clerk of court indicating a desire to be subject to such service.
The trial court sustained the motion to quash and the state appeals from this ruling. La.C.Cr.P. Art. 912(B)(1).
The question presented on this appeal is whether the state may constitutionally provide an exemption from jury service to members of the female sex unless they file a written declaration indicating a desire to be subject to such service. This question was expressly decided by the United States Supreme Court in the case of Hoyt v. Florida, 368 U.S. 57, 82 S.Ct. 159, 7 L.Ed.2d 118 (1961). In that case the constitutionality of a Florida statute almost identical to the provisions of La.C.Cr.P. Art. 402 and Art. 7, Sec. 41 of the La.Constitution was at issue. The United States Supreme Court upheld the constitutionality of the statute stating:
"... We cannot say that it is constitutionally impermissible for a State, acting in pursuit of the general welfare, to conclude that a woman should be relieved from the civic duty of jury service unless she herself determines that such service is consistent with her own special responsibilities." Hoyt, supra at 368 U.S. 62, 82 S.Ct. 162-163.
There has been no contrary jurisprudence from the United States Supreme Court since the Hoyt case, although that court has had the opportunity to overrule the case at least once in the past year. In Alexander v. Louisiana, 405 U.S. 625, 92 S.Ct. 1221, 31 L.Ed.2d 536 (1972) the question of the constitutionality of La.C.Cr.P. Art. 402 was expressly avoided by the United States Supreme Court, the majority preferring to base the decision (reversing a conviction) on other grounds.
Since the decision in Hoyt, supra, this Court has held in numerous cases that the exemption provided women by La.C.Cr.P. Art. 402 does not violate the due process provisions of the United States Constitution. State v. Curry, 262 La. 280, 263 So.2d 36 (1972); State v. Daniels, 262 La. 475, 263 So.2d 859 (1972); State v. Reese, 250 La. 151, 194 So.2d 729, cert. den., 389 U.S. 996, 88 S.Ct. 485, 19 L.Ed.2d 495; State v. Comeaux, 252 La. 481, 211 So.2d 620 (1968); State v. Pratt, 255 La. 919, 233 So.2d 883 (1920); State v. Alexander, 255 La. 941, 233 So.2d 891 (1970); State v. Sinclair, 258 La. 84, 245 So.2d 365 (1971); State v. Millsap, 258 La. 883, 248 So.2d 324 (1971); and State v. Amphy, 259 La. 161, 249 So.2d 560 (1971). We see no reason to alter this jurisprudence.
In the context of jury selection, due process requires only that the defendant be afforded with a jury from which there has been no arbitrary exclusion of any particular group of individuals. "[Due process] requires only that the jury be indiscriminately drawn from among those eligible in the community for jury service, untrammelled by any arbitrary and systematic exclusions." Hoyt, supra, at 368 U.S. 59, 82 S.Ct. 161. See also Fay v. New York, 332 U.S. 261, 67 S.Ct. 1613, 91 L.Ed. 2043. In the instant case there has been no exclusion of women from jury service. La.C.Cr.P. Art. 402 merely provides an exemption to women unless they declare otherwise. We are not saying, however, that merely because the statute in words provides an exemption it may under no circumstances be considered an exclusion, "Where, as here, an exemption of a class in the community is asserted to be in substance an exclusionary device, the relevant inquiry is whether the exemption itself is based on some reasonable classification and whether the manner in which it is exercisable rests on some rational foundation." Hoyt, supra, at 368 U.S. 61, 82 S.Ct. 162.
*285 In the Hoyt case, supra, the Court concluded that there is a rational basis for distinguishing men from women.
"In the selection of jurors Florida has differentiated between men and women in two respects. It has given women an absolute exemption from jury duty based solely on their sex, no similar exemption obtaining as to men. And it has provided for its effectuation in a manner less onerous than that governing exemptions exercisable by men: women are not to be put on the jury list unless they have voluntarily registered for such service; men, on the other hand, even if entitled to an exemption, are to be included on the list unless they have filed a written claim of exemption as provided by law.
Fla.Stat., 1959, § 40.10, F.S.A.
In neither respect can we conclude that Florida's statute is not `based on some reasonable classification,' and that it is thus infected with unconstitutionality. Despite the enlightened emancipation of women from the restrictions." Hoyt, supra at 368 U.S. 61, 82 S.Ct. 162.
With respect to our statute, we agree with this finding. Accordingly, we reaffirm the previous jurisprudence of this court, and we hold that the exemption from jury service provided to women in Art. 7, Sec. 41 of the Louisiana Const. of 1921 and La.C.Cr.P. Art. 402 is constitutional. The ruling of the trial court quashing the bill of indictment in the instant case is reversed for the reasons assigned and the case is remanded for further proceedings.
BARHAM, J., dissents with written reasons.
TATE, J., dissents, being of the opinion that the inhibition of service of women on grand and petit juries unconstitutionally deprives the woman defendant of the equal protection of the law.
BARHAM, Justice (dissenting).
I dissent for the reasons assigned in my dissent from refusal to grant a rehearing in State v. Daniels, 262 La. 475, 263 So.2d 859 (1972).[1]
Moreover, we are faced with a question here that is res nova in Louisiana, and that is whether a female defendant in a criminal case is denied equal protection and due process because of our exclusionary rule concerning the service of females on juries. This presents a stronger case than did any of the previous cases considered by this court where the defendants who complained were males.[2] The complaint of male defendants raises only a due process question, but the complaint in the present case presents not only that issue but the issue of equal protection also.
NOTES
[1] Primarily on the basis of Hoyt v. Florida, 368 U.S. 57, 82 S.Ct. 159, 7 L.Ed.2d 118 (1961), the constitutionality of our laws excluding women from jury service was upheld in State ex rel. Barksdale v. Dees, 252 La. 434, 211 So.2d 318 (1968), in which I was the organ of the court. The Barksdale case, however, was decided before the opinions in Alexander v. Louisiana, 405 U.S. 625, 92 S.Ct. 1221, 31 L.Ed.2d 536 (1972), and Peters v. Kiff, 407 U.S. 493, 92 S.Ct. 2163, 33 L.Ed.2d 83 (1972), upon which I relied in dissenting in State v. Daniels, 262 La. 475, 263 So.2d 859 (1972).
[2] Although the defendant was a female in State v. Reese, 250 La. 151, 194 So.2d 729 (1967), the rationale of that decision does not strike the issues presented to us in the instant case.