278 So.2d 56 (1973)
STATE of Louisiana
v.
John David ROBERTS.
No. 52985.
Supreme Court of Louisiana.
May 7, 1973.
Rehearing Denied May 29, 1973.
*57 Calvin W. Eason, Jr., Lake Charles, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Warren E. Mouledoux, Asst. Atty. Gen., Frank T. Salter, Dist. Atty., James L. Babin, Asst. Dist. Atty., for plaintiff-appellee.
BARHAM, Justice.
John David Roberts was convicted after trial by a five-man jury of unlawful delivery of barbiturates and central nervous system stimulants, a violation of R.S. 40:1033(1), and was sentenced to serve two years in the parish jail. For reversal on this appeal he relies on 18 bills of exceptions taken to rulings by the trial court.

Bills of Exceptions Nos. 1, 1A, and 1B.
On January 20, 1971, a bill of information was filed charging the defendant with a violation of R.S. 40:971(a)(1) as amended by Acts 1970, No. 457, § 1. A motion to quash, filed on September 16, 1971, was sustained on March 1, 1972, after the Louisiana Supreme Court's decision in State v. Welkner, 259 La. 815, 253 So.2d 192 (1971), which declared Act No. 457 of 1970 unconstitutional insofar as it purported to regulate amphetamines, barbiturates, and hallucinogens. The State, however, was allowed 20 days in which to file a new bill of information under a valid statute. On March 8, 1972, on motion by the State the bill of information was amended so as to charge a violation of R.S. 40:1033(1), as amended by Acts 1970, No. 421, § 1. A motion to quash this amended bill of information filed on April 10, 1972, was denied.
Defendant's first complaint is based upon the allegation that it was improper to allow the State to amend the bill of information more than a year after the original bill was filed. Code of Criminal Procedure Article 576 provides that when an "* * * indictment is dismissed by a court for any error, defect, irregularity or deficiency, a new prosecution for the same offense or for a lesser offense based on the same facts may be instituted within the time established by this Chapter or within six months from the date of dismissal, whichever is longer". The new prosecution was timely instituted under that article, and the trial, which was commenced within one year after the institution of the new prosecution, was timely under Article 578(3). It is true that under the latter article the State has only one year from the date of institution of prosecution in which to try an accused charged with a misdemeanor. However, the crime charged in the original bill of information was a felony, and the misdemeanor was not charged *58 until the amended bill of information was filed on March 8, 1972. The trial was had in April, 1972. Both the institution of the prosecution and the prosecution itself were timely.
The defendant appears to complain next that the State's amendment to the information was not filed until after an "indefinite and a lengthy period of time". The first motion to quash was filed September 16, 1971 and was heard on February 29, 1972. The State filed the amended bill of information on March 8, 1972, well within the 20 days allowed by the trial judge. This procedure is similar to that outlined and recommended by this court in State v. Welkner, supra, and we find nothing objectionable in it.
There is no merit in Bills of Exceptions Nos. 1, 1A, and 1B.

Bills of Exceptions Nos. 2, 2A, and 3.
These bills were reserved to the overruling of defendant's motion for continuance and motion for reconsideration of the motion for continuance. The basis for these motions was the defendant's alleged physical incapacity to stand trial.
The testimony of the two doctors at the hearing on the motion for continuance reflects that both felt the defendant was at that time unable to stand trial. After the court had questioned them, however, and explained what such a trial would entail, both expressed their belief that the defendant could undergo trial if certain precautions were taken. The judge denied the motion for continuance, stating in per curiam that his ruling was based on the doctors' responses to his explanations and his own visual observation of the defendant's conduct and movements.
It is well settled that the trial judge's ruling on a motion for continuance will not be disturbed unless there was an arbitrary or unreasonable abuse of the discretion vested in him. C.Cr.P. Art. 712; State v. Polk, 258 La. 738, 247 So.2d 853 (1971), and cases cited. In view of the circumstances existing at the time of the hearing and the evidence there adduced, we find that the trial judge did not abuse his discretion in denying the motion.
We also find no abuse of discretion in the judge's overruling of the motion for reconsideration of the motion for continuance, filed a little over a month after the original motion. The testimony attached to these bills reveals that the defendant had no new evidence to offer and proposed to present the same testimony heard on the motion for continuance. Moreover, the doctor whose testimony defendant proposed to present had not seen him in the interim, and could have offered nothing new.
Bills of Exceptions Nos. 2, 2A, and 3 are without merit.

Bill of Exceptions No. 4.
Bill of Exceptions No. 4 was reserved when the trial court overruled defendant's motion to quash and motion for dismissal based on the allegation that the Louisiana laws excluding women from jury service (La.Const. Art. VII, Sec. 41; C.Cr.P. Art. 402) denied him a fair trial.
The majority of this court has held that the Louisiana constitutional provision and statute are constitutional under the holding of the United States Supreme Court in Hoyt v. Florida, 368 U.S. 57, 82 S.Ct. 159, 7 L.Ed.2d 118 (1961). See State v. Daniels, 262 La. 475, 263 So.2d 859 (1972), and cases cited; see also the recent case of State v. Enloe, La., 276 So.2d 283, decided March 26, 1973. This is the holding of the majority. Under that view, Bill of Exceptions No. 4 is without merit.[*]

*59 Bills of Exceptions Nos. 6 and 12.

During its opening statement the State told the jury that it would "also show you motive and intent on the part of John David Roberts by showing to you that there were other times that he made sales to". At this point objection was entered, and Bill of Exceptions No. 6 was reserved to its overruling. The complete opening statement is not made a part of the bill and is not in the record before us.
Bill of Exceptions No. 12 was reserved apparently in an attempt to exclude evidence of other offenses offered for the purpose of showing intent and knowledge. The bill as presented, however, gives us nothing to review. We cannot determine from the testimony attached to the bill the nature of the testimony objected tothat is, whether it concerned a prior offense and whether it was relevant and admissible under the exceptions of R.S. 15:445 and 15:446.
On the sparse record presented under Bills of Exceptions Nos. 6 and 12, we are unable to find merit in either.

Bill of Exceptions No. 7.
Counsel reserved this bill to the trial court's refusal to permit him to complete a remark which he had begun in his opening statement. The testimony attached to the bill does not make clear what counsel was attempting to say, but he states in brief that he was trying to explain "entrapment". The trial judge in per curiam tells us that defense counsel was arguing the law, trying to tell the jury how to weigh the evidence to be adduced, and not making an opening statement. In such circumstances counsel was exceeding the permissible limits of the opening statement, and the judge did not err in his ruling.

Bills of Exceptions Nos. 8 and 10.
These bills were reserved when the trial court sustained the State's objection to questions by defense counsel calculated to elicit the identity of certain informers. The general rule in Louisiana jurisprudence is that, in the absence of exceptional circumstances, disclosure of an informer's identity will not be ordered. See State v. Dotson, 260 La. 471, 256 So.2d 594 (1972). See also Roviaro v. United States, 353 U. S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). No exceptional circumstances were presented here which would require disclosure. The judge's rulings were correct.

Bill of Exceptions No. 11.
During the trial the State was permitted to amend the information by substituting the words "deliver or cause to be delivered" for the word "distribute". Counsel for defendant objected and reserved Bill No. 11. The per curiam to this bill explains that the amendment was allowed because it was "more in the nature a clarification and was not an amendment of substance". Under Code of Criminal Procedure Article 487, the court may at any time cause the indictment to be amended in respect to a formal defect, imperfection, omission, or uncertainty. Clearly the ruling of the trial judge was correct.
We have examined the remaining bills of exceptions and find them to be without merit.
The conviction and sentence are affirmed.
DIXON, J., concurs in the result, but not in treatment given Bill No. 7.
CALOGERO, J., concurs with reasons.
CALOGERO, Justice (concurring):
Although I am of the opinion that Louisiana Constitution Art. VII, Sec. 41 and La.C.Cr.P. Art. 402, are possibly in violation of the due process and equal protection provisions of the United States Constitution, I concur because a majority of the present Court has concluded otherwise. *60 See State v. Enloe, La., 276 So.2d 283, decided March 26, 1973, rehearing denied March 30, 1973; State v. Hill, La., 276 So.2d 286, decided March 26, 1973, rehearing denied March 30, 1973.
NOTES
[*] The writer is of the opinion, expressed several times in dissent, that Louisiana Constitution Article VII, Section 41, and Code of Criminal Procedure Article 402 deny due process and can deny equal protection, and are therefore unconstitutional. See dissents in State v. Daniels, 262 La. 475, 263 So.2d 859 (1972); State v. Enloe, La., 276 So.2d 283, decided March 26, 1973.