292 So.2d 488 (1974)
STATE of Louisiana
v.
Noreen STEVENSON.
No. 54131.
Supreme Court of Louisiana.
March 25, 1974.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellant.
John Wilson Reed, New Orleans, for defendant-appellee.
Robert Glass, New Orleans, amicus curiae.
SANDERS, Chief Justice.
The Grand Jury of Orleans Parish indicted the defendant, Noreen Stevenson, for murder. LSA-R.S. 14:30. The defendant filed a motion to quash the general venire, the petit jury venire, and indictment on the ground that women were excluded from jury service in violation of Article 7, Section 41 of the Louisiana Constitution (1921) and the Fifth and Fourteenth Amendments of the United States Constitution. The trial court granted the motion to quash. The State reserved a bill of exceptions and appealed. See LSA-C. Cr.P. art. 912, subd. B(1).
In quashing the indictment and jury venire, the trial judge relied upon the recent decision of the federal panel in Healy et al. v. Edwards et al., D.C., 363 F.Supp. 1110 (1973), holding the state constitutional and statutory provision relating to women's exemption from jury service unconstitutional.
*489 The trial court erred in applying the decision of the lower federal court to strike down the state constitutional and statutory provision. As we noted recently in State v. Womack, La., 283 So.2d 708 (1973), the United States Supreme Court is the arbiter of federal constitutional questions for state courts under our dual system. In that case, upholding the women's jury exemption, we stated:
"In Hoyt v. Florida, 368 U.S. 57, 82 S.Ct. 159, 7 L.Ed.2d 118 (1961), the United States Supreme Court rejected an identical contention in upholding the constitutionality of a Florida statute similar to the Louisiana provision under attack here. Following Hoyt v. Florida, supra, we maintained the constitutionality of the exemption in numerous decisions. See, e. g., State v. Enloe, La., 276 So.2d 283 (1973); State v. Curry, 262 La. 280, 263 So.2d 36 (1972); State v. Daniels, 262 La. 475, 263 So.2d 859 (1972); State v. Reese, 250 La. 151, 194 So.2d 729 (1967), cert. den., 389 U.S. 996, 88 S.Ct. 485, 19 L.Ed.2d 495; State v. Comeaux, 252 La. 481, 211 So.2d 620 (1968); State v. Pratt, 255 La. 919, 233 So.2d 883 (1970); State v. Alexander, 255 La. 941, 233 So.2d 891 (1970), reversed on other grounds, 405 U.S. 625, 92 S.Ct. 1221, 31 L.Ed.2d 536; State v. Sinclair, 258 La. 84, 245 So.2d 365 (1971), death sentence vacated on other grounds, 408 U.S. 939, 92 S.Ct. 2871, 33 L.Ed.2d 760; State v. Millsap, 258 La. 883, 248 So.2d 324 (1971); State v. Amphy, 259 La. 161, 249 So.2d 560 (1971), cert. den., 405 U.S. 1074, 92 S.Ct. 1502, 31 L.Ed.2d 807.
"We note the recent decision of the United States District Court for the Eastern District of Louisiana in Healy et al. v. Edwards et al., 363 F.Supp. 1110 (1973), holding the Louisiana provision for women's exemption from jury service unconstitutional. Decisions of the lower federal courts, of course, are not binding upon state courts. Under our dual system of courts, the United States Supreme Court is the arbiter of federal constitutional questions. Hence, we will continue to follow its last authoritative expression in Hoyt v. Florida, supra, until that Court has again spoken on the subject."[1]
In this Court, the defendant contends that the Orleans Jury Commission is misapplying the exemption provision by failing to subpoena women whose names appear in the City Directory, used for securing the names of potential jurors. The defense reasons that if women were routinely summoned, some of them might elect to file the declaration for jury service. Defense counsel and the District Attorney stipulated that the 150-member Grand Jury venire had one woman on it but that no woman served on the Grand Jury itself.
The trial judge did not reach this contention, since he posited his ruling on the unconstitutionality of the exemption provisions on their face. However, we find no merit in the contention.
Article 7, Section 41 of the Louisiana Constitution (1921) reads:
"The Legislature shall provide for the election and drawing of competent and intelligent jurors for the trial of civil and criminal cases; provided, however, that no woman shall be drawn for jury service unless she shall have previously filed with the clerk of the District Court a written declaration of her desire to be subject to such service."
Article 402 of the Louisiana Code of Criminal Procedure provides:
"A woman shall not be selected for jury service unless she has previously filed with the clerk of court of the parish in which she resides a written declaration *490 of her desire to be subject to jury service."
We find nothing in the foregoing provisions that requires the Jury Commission to routinely summon women for jury service. The provisions are clear that a woman shall not be selected for jury service, unless she has filed the written declaration with the Clerk of Court. The exemption is automatic. Contrary to defendant's contention, no personal assertion of the exemption is required.
In oral argument, the defense also suggested that women who file their declarations with the Clerk of Court are not being selected for jury service. The record is insufficient to support this contention.[2]
For the reasons assigned, the judgment of the Criminal District Court for the Parish of Orleans is reversed, the motion to quash is overruled, and the case is remanded to that court for further proceedings according to law and consistent with the views herein expressed.
BARHAM, J., dissents with reasons.
TATE, J., dissents and assigns reasons.
CALOGERO, J., concurs and assigns reasons.
BARHAM, Justice (dissenting).
We are presented with an opportunity to pass upon the constitutionality of Louisiana's exclusion of women from jury service on a preliminary ruling which will not require reversal, and which, if the majority desires, might carry prospective application. At least a ruling now will save later reversal of this and numerous future proceedings. In the case before us, the defendant, a woman, is charged with murder. The trial court below granted the motion to quash the general venire, the petit jury venire and the indictment, on the ground that women were excluded from jury service in violation of the Fifth and Fourteenth Amendments to the United States Constitution. The defendant properly contends that Article 7, § 41 of the Louisiana Constitution, and Article 402 of the Louisiana Code of Criminal Procedure exclude women from the jury and that this is a denial of due process and equal protection. The Louisiana Constitution article and the code article are unconstitutional facially. See my dissents in State v. Enloe, 276 So. 2d 283 (La. 1973), and State v. Daniels, 262 La. 475, 263 So.2d 859 (1972).
Our continued refusal to face and resolve this issue piles up a number of convictions which I believe will not only be reversed but because of the time lapse since trial, make retrial and conviction impossible. I cannot believe that the due process and equal protection requirements will not be applied retroactively. Without regard to what the United States Supreme Court pronounces on this subject, this Court is permitted to give equal rights to women to serve on juries and equal protection and due process to defendants who are denied access to almost one-half our population as jurors. To make women available for jury service would do a great service to the State, and would make available a great pool of potential jurors at a time when we are having great difficulty in supplying the courts with sufficient jurors. It would give deserved equal rights to the women of this State. Any hardship upon women arising from jury service is already taken care of in our Code of Criminal Procedure when it permits the court to excuse jurors. We can do no harm; we can only do good. District attorneys have expressed in open court that they favor having women available for jury service. Certainly we have had enough applications by defendants to *491 know that they want women to be permitted to serve on juries.
I am of the opinion that not only is this Court not obligated to look to the United States Supreme Court for resolution of this issue, I am of the opinion that it is our primary duty and obligation to meet the due process and equal protection demands of the United States Constitution.
I respectfully dissent.
TATE, Justice.
I respectfully dissent.
The present case concerns a woman defendant complaining of the exclusion of women from jury service. It is thus differentiated from State v. Womack, 283 So. 2d 708 (La.1973), where a man defendant complained he was denied due process because of the exclusion of women from the jury.
I join in my brother BARHAM's dissenting reasons.
Further, it has long been settled that equal protection, as required by our federal constitution, is denied when the defendant is a member of a class effectively excluded from the grand jury and petit jury venires. If a black is denied equal protection because blacks are inhibited or prevented from serving on juries, and if wage earners are denied equal protection by jury provisions which effectively inhibit service of wage earners, I simply cannot see why women are not similarly denied equal protection by provisions which inhibit their service.
This is dramatically instanced by the present record and the jury selection procedures in Orleans Parish. The jury commission systematically excludes women from the issuance of subpoenaes to determine whether the persons subpoenaed are even eligible for jury service. After such persons are subpoenaed, it is then determined whether they are eligible to serve on the juries, and they are then placed in the pool from which grand and petit jury venires are selected.
As the appellee suggests, if subpoenaes were similarly issued to women to determine whether or not they were eligible to serve, women would be treated as are males subpoenaed in this initial screening procedure. If women were thus initially subpoenaed, the jury commission could determine their eligibility, i. e., by determining whether (assuming the present law is valid) they wished to file a declaration to be available for jury service.
The failure to include women among those initially subpoenaed to determine eligibility makes it certain that very few are placed in the jury pool. To be considered for jury service, a woman must not only file the declaration required by law, but she must also take the additional step of assuring that her name is placed among those to whom subpoenaes are issued (i. e. for screening to determine whether such subpoenaed persons are eligible for jury service). Thus, a woman must not only file the declaration required by law, but must take additional affirmative efforts to be considered for jury service.
I think we are in error in not affirming the able district judge and in not holding that the present woman defendant is denied constitutional rights when she is tried by a process by which women are effectively excluded from jury service. Sooner or later, her contention will be upheld, even if she is convicted, but only after the state has gone to the expense and effort of a useless trial.
I respectfully dissent.
CALOGERO, Justice (concurring).
I concur for the reasons expressed in my concurrence in State v. Roberts, 278 So.2d 56 (La. 1973).
NOTES
[1] Healy et al. v. Edwards et al., supra, is now pending in the United States Supreme Court and a pronouncement of that court on the issue should be forthcoming at an early date.
[2] The record shows only that when a woman files her declaration in the Clerk of Court's office, it is prepared in the duplicate. One copy is retained by the Clerk of Court. The individual is instructed to take the second copy to the office of the Jury Commission, in the same building, where the declarant supplies the necessary information for jury service.