296 So.2d 802 (1974)
STATE of Louisiana
v.
Jimmy Wayne DEVALL and Charlotte Devall.
No. 54447.
Supreme Court of Louisiana.
June 10, 1974.
John E. Miller, Baton Rouge, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Richard E. Chaffin, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
Defendants, Jimmy Wayne and Charlotte Devall, were charged with possession of opium with intent to distribute. LSA-R.S. *803 40:967(A). After being tried by jury, defendants were found guilty. Jimmy Wayne Devall received a ten year sentence, and the Court deferred sentence as to Charlotte Devall for five years, placing her on active probation for a similar period.
Defendants appeal, relying upon five bills of exceptions for the reversal of their sentences and convictions.

BILL OF EXCEPTIONS NO. 1
Defendants reserved this bill when the trial court refused to require the State to answer certain questions in defendants' Motion for a Bill of Particulars. This bill is factually without merit. Defendants possessed the State's answers to the questions, for the information is set forth in the application for the search warrant under which the defendants' apartment was searched and the opium seized.
Bill of Exceptions No. 1 is without merit.

BILL OF EXCEPTIONS NO. 2
Defendants reserved this bill after the trial court denied their Motion to Quash the Bill of Information on the ground that Louisiana Revised Statutes 40:967(A) is unconstitutional. The defendants contend that, under the statute, the State Board of Health may add other drugs to the prohibited list. Hence, they assert that Board may create new crimes by exercising legislative powers.
Defendants are charged with possession of opium with intent to distribute. Opium is a drug specifically listed in the statute by the Legislature, not one added by the Board of Health. Hence, defendants have no standing to attack the statute on the grounds asserted. In State v. Sliger, 261 La. 999, 261 So.2d 643 (1972), this Court addressed the same question:
"This ground apparently has been abandoned. It was not orally argued, nor is it discussed in the brief filed here by counsel for defendants. In any event, it is without merit, as defendants are not charged with any offense made so by the Board of Health under the authority of this provision. The substance they are alleged to have possessed (marijuana) is listed in the act itself, and was not added by the Board acting under the authority of this section. If that part of the statute granting the Board the authority indicated as invalid, it would not in any way affect the validity of the sections under which the defendants are charged. Sec. 3, Act 457 of 1970."

BILL OF EXCEPTIONS NO. 3
Defendants reserved this bill when the trial court denied their Motion to Suppress Evidence seized from their apartment, contending that the search warrant was invalid. Defendants allege that there was no probable cause for issuance because the informant was not trustworthy.
Two search warrants for the apartment were issued: The first for a gun used in an armed robbery and the second, on information supplied from the same informant, for the opium.
The return on the first warrant listed several guns but not one which exactly matched the description given by the informant. Defendants contend for this reason that the informant was unreliable, and the second warrant could not be issued on information supplied by him.
We find no merit in defendants' allegations. Many factors corroborated the information contained in the affidavit for the first warrant. The affiant of the second warrant, Captain Bonanno of the East Baton Rouge Parish Sheriff's office, stated in his application for the warrant:
"1. Affiant is a captain in the East Baton Rouge Parish Sheriff's Office and is presently in charge of the investigation *804 of the murder and armed robbery of H. Alva Brumfield.
"2. On the morning of May 26, 1973 the body of H. Alva Brumfield was found in his home at 2780 Fairway Drive, Baton Rouge. Brumfield had been shot in the head and taken from his person and home had been the following:
"a. One gold money clip with $20 gold piece mounted on the front.
"b. One .38 caliber Star automatic pistol
"c. Approximately $1000 in currency
"3. On May 29, 1973 one Dale Bourland was arrested and charged with the murder and robbery of Brumfield, and that after his arrest he told affiant the following:
"4. That the crime was planned in Apartment 47 of Rembrandt Apartments and that the participants in the crime returned to said apartment after the crime with walkie talkies that he been used at the crime scene. Said apartment was searched by police on May 30, 1973 and found one set of walkie talkies and also phone books wherein the name and phone number of the victim had been specially marked.
"5. Bourland further stated that the gold money clip had been given to one Bobby Cross who resided in Clinton, Louisiana. After contacting the said Bobby Cross the stolen money clip was recovered from his person.
"6. Bourland further admitted that he was involved in the robbery during which Brumfield was murdered.
"7. Bourland further stated that on or about May 23, 1973 he was in the residence of James Devall at Apt. 141 1855 Boulevard DeProvince and at that time saw Devall place about one-half pound of pure opium wrapped in tin foil in an air vent in the ceiling. He knows the substance was opium because he smoked some of the opium at that occasion. The information relative to these narcotics was not given to affiant until June 2, 1973.
"8. In the early morning hours of May 30, 1973 James Devall and his wife Charlotte, the only two residents of Apt. 141, were arrested and have remained in custody since. They have thus been unable to remove the opium since that time."
The return of the warrant shows that the warrant was executed on June 2, 1973, and approximately 14 ounces of gum opium was recovered along with approximately 15 feet of non-electrical primer cord. In Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), the United States Supreme Court held that an affidavit may be based on hearsay, but that the affidavit must contain basic facts to support the affiant's conclusions that his informant spoke from personal knowledge.
In State v. Paciera, La., 290 So.2d 681 (handed down February 18, 1974) this Court held:
"In holding the affidavit sufficient, we are influenced to some extent by the circumstance that the affiant specifically named the reliable informants (the policeman) who furnished him the hearsay information as to the location of the stolen property, in addition to furnishing the specific detail indicating the probable reliability of such information as given to them by the confidential informant."
Here, the informant is named and he gives a detailed factual basis for the reliability of the information concerning the opium. Thus, the search warrant and the affidavit does not offend Fourth Amendment Standards. See, United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L. Ed.2d 723 (1971); Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L. Ed.2d 637 (1969); United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L. *805 Ed.2d 684 (1965); Aguilar v. Texas, supra; Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).
We conclude that this bill is without merit.

BILL OF EXCEPTIONS NOS. 4 and 5
Defendants reserved Bill of Exceptions No. 4 when the trial court overruled their motion to quash the jury venire, based on the alleged exclusion of women from the jury venire in violation of the Fifth and Fourteenth Amendment of the United States Constitution. Bill of Exceptions No. 5 was reserved to the overruling of the motion for a new trial, reurging this point.
Article 7, Section 41 of the Louisiana Constitution as well as Article 402, of the Louisiana Code of Criminal Procedure, provide that a woman shall be selected for jury service only if she has filed with the Clerk of Court a written declaration evidencing her desire to serve.
These provisions have been subject to persistent constitutional attack in recent years. Following Hoyt v. Florida, 368 U. S. 57, 82 S.Ct. 159, 7 L.Ed.2d 118 (1961), the last authoritative expression of the United States Supreme Court on a similar procedure, we have consistently upheld the validity of these provisions. See, e. g., State v. Stevenson, La., 292 So.2d 488, (March 25, 1974); State v. Gray, La., 291 So.2d 390 (February 18, 1974); State v. Taylor, La., 282 So.2d 491; State v. Roberts, La., 278 So.2d 56; State v. Rollins, La., 271 So.2d 519.
The constitutional question is now pending before the United States Supreme Court, but we will continue to follow Hoyt v. Florida, supra, until the Court has again spoken on the subject. See State v. Womack, La., 283 So.2d 708 (1973).
We find no merit in Bill of Exceptions Nos. 4 and 5.
For the reasons assigned, the convictions and sentences are affirmed.
BARHAM, J., concurs. I am of the opinion that exclusion of females from jury service is unconstitutional.