DIXON, Justice.
Defendant was charged by bill of information with unlawfully killing her husband. On February S, 1974 she was found guilty by a twelve man jury of manslaughter and was sentenced later to serve four and one-half years at hard labor. Four bills of exceptions were reserved for our consideration on this appeal.

*170
Bills of Exceptions Nos. 1 and 2

The first bill was reserved when the trial court denied defendant’s motion to quash the indictment based upon the exclusion of women from the grand and petit jury venire. This court has consistently upheld the constitutionality of the exemption given women by Article VII, Section 41 of the Louisiana Constitution (1921) and Article 402 C.Cr.P. State v. Devall, 296 So.2d 802 (La.1974); State v. Medlock, 297 So.2d 190 (La.1974); State v. Stevenson, 292 So.2d 488 (La.1974); State v. Enloe, 276 So.2d 283 (La.1973). Defendant fails to assert any additional grounds which would cause us to reconsider our position.
The second bill was reserved when the trial judge excused a woman who had been included in the jury venire by mistake. The jury commission had read the prospective juror’s name to be that of a man and had ordered her to report for jury service. The prospective juror had failed to comply with the provisions of C. Cr.P. 402 that require a woman to file a declaration of her desire to be a juror with the clerk of court before she may be selected for jury service. The language of the code article and Article VII, Section 41 of the Louisiana Constitution (1921) is prohibitory.
“A woman shall not be selected for jury service unless she has previously filed with the clerk of court of the parish in which she resides a written declaration of her desire to be subject to jury service.” C.Cr.P. 402.
“ . . .no woman shall be drawn for jury service unless she shall have previously filed with the clerk of the District Court a written declaration of her desire to be subject to such service.” Art. 7, § 41, La.Const. (1921).
The trial court properly excused the prospective juror.
These bills are without merit.

Bill of Exceptions No. 3

This bill was reserved when the murder weapon, a pistol, was admitted into evidence over defendant’s objection. Defendant contends that the weapon was illegally seized from the premises of her father. The facts do not support her contention. The evidence clearly supports the trial court’s conclusion that the search was conducted with the permission of the owners of the house. Mrs. Chapman, the mother of the defendant, informed the police at the hospital that the weapon was in her purse, and, in the company of Mr. Chapman, the police went to the Chap-mans’ residence where the pistol was recovered. At no time did Mr. and Mrs. Chapman raise any objection to turning the weapon over to the police.
This bill is without merit.

Bill of Exceptions No. 4

This bill was reserved when the trial court refused to quash the indictment because of the alleged systematic exclusion of eighteen-twenty year olds from the jury venire.[1] On July 7, 1971 the XXVI Amendment to the United States Constitution became effective, and all persons eighteen and older were permitted to vote. The voter registration list from which the jury venire was selected was compiled on September 18, 1972. The voting registration list did not indicate the ages of any of the registered voters. Although the registration list was not supplemented from September 18, 1972 until January 2, 1974 when the jury venire for defendant’s trial was compiled, there is not any showing of any systematic exclusion of a specific age group. The evidence does not suggest any *171 violation by the jury commissioners of C. Cr.P. 401 which was amended by Acts 1972, No. 695, § 1, to reduce to eighteen the minimum age for jurors.
Additionally, defendant presents no evidence to support her contention that the group (eighteen-twenty year olds) allegedly excluded is a “cognizable” group such that its absence from the jury would make the jury non-representative of the community and in violation of the Fourteenth Amendment. United States v. Guzman, 337 F.Supp. 140, 143-144 (S.D.N.Y.1972).[2]
This group’s membership changes daily because of the passage of time and will be arbitrarily different according to the day when its composition is determined. Fortunately or unfortunately, no member may remain a member of this group more than three years. Furthermore, the defendant has not persuaded us that the attitudes, mores, experiences and predilections of this group are so unique and indigenous to it that the defendant’s interests would be prejudiced by the group’s exclusion. Any interest that would be protected by this group will be protected by those jurors slightly older in age and those who are predisposed to remain young forever.[3] We do not believe that this arbitrarily defined group is “cognizable” and that its exclusion would prejudice the defendant. In reaching this conclusion, we are in agreement with the federal and state courts that have confronted this issue. See, e. g. United States v. Olson, 473 F.2d 686 (8th Cir. 1973) and cases cited therein;[4] Hopkins v. State of Maryland, 19 Md.App. 414, 311 A.2d 483 (1973); Commonwealth v. Lussier, Mass., 305 N.E.2d 499 (1973).
This bill is without merit.
For the reasons assigned, the conviction and sentence of the defendant are affirmed.
BARHAM, J., dissents, being of the opinion that exclusion of females from the jury venires denies defendant due process and equal protection. U. S. Constitution, 14th Amendment.
TATE and CALOGERO, JJ., dissent. The defendant, a woman, was denied the equal protection of the laws by the effective exclusion of women as jurors.

. We pretermit any decision as to whether standing to challenge the alleged exclusion. the defendant, who was over twenty-one, had

. In Guzman the court defined a “cognizable” group in the following terms :
“A group to be ‘cognizable’ for present purposes must have a definite composition. That is, there must be some factor which defines and limits the group. A cognizable group is not one whose membership shifts from day to day or whose members can be arbitrarily selected. Secondly, the group must have cohesion. There must be a common thread which runs through the group, a basic similarity in attitudes or ideas or experience which is present in members of the group and which cannot be adequately represented if the group is excluded from the jury selection process. Finally, there must be a possibility that exclusion of the group will result in partiality or bias on the part of juries hearing cases in which group members are involved. Tiiat is, the group must have a community of interest which cannot be adequately protected by the rest of the populace.”

. “The difference in viewpoint between ages 21 and 25 would not seem to us of any great significance. Nor would there seem to be any substantial effect upon the composition of a jury as a result of eliminating such persons over 70 as might be competent to stand duty. We regard it as highly speculative whether the decisional outlook of such excluded persons would be different than that of persons a mere few years older, or a few years younger. Tile mere fact that there might be fewer young persons on the jury, and fewer of the oldest, than the exact proportion of such persons existing in the community does not of itself make a jury nonrepresentative. Cf. Hoyt v. Florida, 1961, 368 U.S. 57, 82 S.Ct. 159, 7 L.Ed.2d 118.” King v. United States, 346 F.2d 123, 124 (1st Cir. 1964).

. In United States v. Butera, 420 F.2d 564 (1st Cir. 1970), the First Circuit indicated a contrary position with regard to the age group of 21-34 year olds. This case is distinguishable from the instant case asi the court in Butera was disturbed by the large size of the class of the general population which was allegedly excluded. The court ultimately found that group had not been excluded.