TATE, Justice.
The defendant Redwine was convicted of possessing opium with intent to distribute it, La.R.S. 40:967A, and sentenced to twenty years at hard labor. Upon his appeal, he principally questions the admission into evidence at the present trial of his own testimony given under oath at a prior trial of two of his friends for the possession of the same opium.
The prior trial resulted in the convictions of the two friends, a husband and wife, which we affirmed in State v. Devall, 296 So.2d 802 (La.1974). Redwine, the present defendant, voluntarily appeared as a defense witness and freely testified that he himself had hidden the opium in the Devall apartment, entirely unbeknownst to the Devalls.[1]
Before the State introduced Redwine’s prior-trial testimony into evidence in the present case, it produced evidence that it was freely and voluntarily given and not compelled or the result of coercion. An attorney had been appointed by the trial judge at the Devall trial to confer with Redwine before he took the stand, and this attorney testified in this case that he had informed Redwine of his constitutional rights not to testify and against self-incrimination and that, in fact, he had advised Redwine not to testify because of the self-incrimination aspects. The attorney also testified as to the apparent voluntariness and lack of promises or coercion.
No error is shown in the admission of the prior-trial testimony. If a predicate is required for its admissibility as a confession or deposition testimony in the subsequent (or present) trial, see La.R.S. 15:451 (1950), the State has adequately proved: that the defendant freely and voluntarily took the stand and testified to help his friends; that (in view of the strong advice of counsel not to testify) such testimony was not compelled; and that it'was not made under the influence of coercion or inducements.
The defendant, however, suggests that the attorney appointed to advise him was subject to a conflict of interest, since he had been previously appointed to represent another defendant in the Devall case who turned State’s evidence. We doubt that, under the circumstances, there was a conflict of interest or that, if any, it has consequential effect; for, pretermitting that issue, the present issue is whether Redwine’s prior-trial testimony was given freely and voluntarily. The appointed-attorney’s testimony merely shows that, despite competent court-appointed counsel’s advice to the contrary, the defendant Red-wine did testify freely and voluntarily and is corroborative of other uncontradicted circumstances to the same effect.
The defendant’s final contention is that, before his sworn testimony taken in open court at the prior trial may be admitted into evidence at this subsequent trial, a showing must be made that he was given the pre-interrogation warnings required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. *857 1602, 16 L.Ed.2d 694 (1966)[2] Pretermit-ting whether the present record[3] does not in fact show substantial compliance with its warning-requirements, Miranda by its terms was intended to regulate and control the abuses of pre-trial custodial interrogation ; it was not intended to apply to questioning in open court under supervision of a judge during the trial of a contested case, where traditional court-protected trial rights of the parties and the witnesses are designed to avoid the abuses possible in private custodial interrogation.

Decree

For the reasons assigned, we affirm the conviction and sentence.
Affirmed.

. Shortly after the Devalls were convicted, the State filed the present charge against the defendant Redwine. The principal evidence used to convict him was the testimony he had given in the Devall trial. (The other evidence concerned the seizure and analysis of the opium.)

.These are generally summarized as expressly informing the accused: He has a right to remain silent; anything he says can be used against him; he has the right to the presence of an attorney; and, if he cannot afford a lawyer, one will be appointed to represent him prior to his being questioned.

.In the Devall record, 296 So.2d 802 (1974), the full transcript of evidence shows even more fully the trial judge’s concern that Itedwine not testify without a complete understanding of the rights he was waiving and the risks to which he was subjecting himself. Tr. 178-181.