329 So.2d 434 (1976)
STATE of Louisiana, Appellee,
v.
Joseph Leon CHASE, Appellant.
No. 57145.
Supreme Court of Louisiana.
March 29, 1976.
*435 C. Jerome D'Aquila, New Roads, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Samuel C. Cashio, Dist. Atty., Charles H. Dameron, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant was convicted of murder, La.R.S. 14:30 (1950), and sentenced to life imprisonment "without benefit of parole, probation, commutation, or suspension of sentence."
Upon his appeal, he argues two errors as reversible: (a) the admission of photographs of the victim (bills of exceptions 2 and 3); and (b) the failure to suppress from evidence the gun used in the killing, allegedly the product of an illegal search (bills of exceptions 5 and 6). Additionally, we note a sentence defect which will require correction.
Photographs
Over defense objection, four photographs of the murder victim were introduced into evidence. They showed the position and condition of her body at the time it was discovered lying in a field. The defendant argues that, since the killing by gunshot wound is not contested, the pictures have little probative value and that their prejudicial effect outweighs what little probative value they have.
To be admissible, photographs must be offered for some relevant purpose and, even if so, must have probative value which outweighs any inflammatory effect. State v. Smith, 327 So.2d 355 (Docket No. 56,410; decided on rehearing February 23, 1976); State v. Beach, 320 So.2d 142 (La. *436 1975); State v. Chavers, 294 So.2d 489 (La.1974); State v. Curry, 292 So.2d 212 (La.1974). As we noted in State v. Palmer, 227 La. 691, 80 So.2d 374, 383 (1955):
"In determining their admissibility, proper inquiry should be made to ascertain whether such evidence would clarify some material issue and would afford the court and the jury a clearer comprehension of existing physical facts and throw greater light and more accurate appreciation of the weight, if any, to be given the oral testimony. Manifestly, where photographs are irrelevant or immaterial, would confuse, or mislead, rather than be helpful, distract the tribunal's attention to other than the main issues, or where the natural effect of their introduction in evidence would arouse the sympathies or prejudices, rather than throw helpful light, such evidence should be promptly excluded."
The decedent was the victim of an unwitnessed killing. In a statement taken from the accused prior to trial, he had claimed that the killing was accidental, when his gun went off by mistake.
The pictures themselves are unpleasant. They are not, however, so prejudicially gruesome as to outweigh their probative value for the purposes offered: By showing the position of the body and the nature of the wounds, they tended to negate the defense of accidental rather than intentional shooting. They were also of value in affording the jury a clearer appreciation of the factual testimony of the witnesses as to the location and appearance of the victim's body when found in the plantation field.
We find no merit to this assignment.
Suppression of the Gun
After the murder, a gun was located in the accused's home. Ballistic tests proved that it was the weapon which had killed the victim.
The defendant objected to admission of the gun on the ground that it was the product of an illegal warrantless search. There is no merit to this objection.
The defendant lived in his mother's home. Earlier, a search warrant had been secured to search the home. The defendant's brother had, after the accused's arrest, placed the gun in a closet, which the searching officers overlooked.
When the brother learned of the search, he called the police, with the consent of the mother, who owned the home. He and the mother showed the police the location of the gun when they came. The mother (whose house it was) and the brother thus on their own initiative called the police to have them pick up the gun and, without the slightest police coercion, voluntarily turned over the weapon to law enforcement personnel.
It is doubtful that a "search and seizure" occurred when the police came into the home and accepted the gun at the spontaneous good-faith invitation of persons with dominion over the premises and the property. See Coolidge v. New Hampshire, 403 U.S. 485, 91 S.Ct. 2022, 2050, 29 L.Ed. 2d 564 (1971). Even if it were a search, however, consent given by a co-inhabitant of the house is sufficient to permit inspection of a common area of the home to which the coinhabitant's joint access with the accused may reasonably be recognized. State v. Johnson, 319 So.2d 786 (La.1975); State v. Taylor, 303 So.2d 169 (La.1974); State v. Nelson, 261 La. 153, 259 So.2d 46 (1972). See also United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).
Sentence Defect
The jury found the defendant guilty of murder. It qualified its verdict, as authorized, La.C.Cr.P. art. 817 (as amended by Act 502 of 1972, the enactment in force at the time of the offense), by adding "without benefit of parole, probation, commutation, or suspension of sentence."
*437 The power to commute sentences is an incident of the power to pardon which has been and is constitutionally vested in the governor. La.Const. of 1974, Art. 4, Section 5(E); La.Const. of 1921, Art. V, Section 10. It cannot be restricted by the legislature; hence, the severable restriction attempting to prohibit commutation of sentences is unconstitutional. State v. Ramsey, 292 So.2d 708 (La.1974); State v. Varice, 292 So.2d 703 (La.1974); See also, State v. Smith, 327 So.2d 355 (Docket No. 56,410, decided on rehearing February 23, 1976).
Accordingly, as in the cited cases, we must set aside the sentence and remand this case for the trial court to re-sentence the defendant to life imprisonment without benefit of parole, probation, or suspension of sentence (i. e., but not without benefit of commutation).

Decree
For the reasons assigned, we affirm the conviction, but we annul the sentence and remand this case for sentencing in accordance with law.
CONVICTION AFFIRMED; CASE REMANDED FOR SENTENCING.