PER CURIAM.
Lin this appeal, the State of Louisiana seeks review of a judgment of the district court declaring La. Const. Art. XII, § 15, ■La. Civ.Code art. 86, La. Civ.Code art. 89, La. Civ.Code art. 3520(B), and Revenue Information Bulletin No. 13-024 (9/13/13) to be unconstitutional. After the appeal was taken under advisement, the United States Supreme Court rendered its opinion in Obergefell v. Hodges, — U.S. -, 135 S.Ct. 2584, 192 L.Ed.2d 609, 2015 WL 2473451 (2015), which held state bans on same-sex marriage violate both the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution. The Court further recognized there is “no lawful basis” to uphold so-called “recognition bans” — such as Louisiana’s laws banning recognition of same-sex marriages performed under the laws of other states. Id. at-, at *22-24.
Following Obergefell, the United States District Court for the Eastern District of Louisiana held La. Const. Art. XII, § 15, La. Civ.Code art. 89, and La. Civ.Code art. 3520(B) were in violation of the Fourteenth Amendment to the United States Constitution and enjoined the State of Louisiana and its officials from enforcing those provisions as well as Revenue Information Bulletin No. 13-024. Jonathan P. Robicheaux, et al. v. James D. Caldwell, et al., No. 13-5090 c/w No. 14-97 & No. 14-327, 2015 WL 4090353 (E.D.La. July 2, 2015).
*621 The United States Supreme Court’s interpretation of the federal constitution is final and binding on this court. “... [0]ur United States Supreme Court is a judicial planet whose orbit draws into its vortex the findings of all State courts involving all federal constitutional questions which must be obeyed in order to maintain the law in its majesty of final decision.” State v. Nichols, 216 La. 622, 44 So.2d 318, 321 (1950). See also State ex rel. Barrabino v. Henderson, 283 So.2d 764, 766 (La.1973) (Tate, J., concurring) (“The United States Constitution as interpreted by that court is binding upon every court in this land, including the Supreme Court of Louisiana and the federal courts sitting in Louisiana.”); State v. Stevenson, 292 So.2d 488, 489 (La.1974) (“... [T]he United States Supreme Court is the arbiter of federal constitutional questions for state courts under our dual system.”).
In light of the United States Supreme Court’s opinion in Obergefell and the action of the federal district court in Robicheaux, the issues presented in this appeal have been resolved. Through the action of the federal courts, plaintiffs have received all the relief they requested in their motion for summary judgment, which forms the basis for this appeal. Given these developments, there is no longer a justiciable controversy for this court to resolve. See St. Charles Parish Sch. Bd. v. GAP Corp., 512 So.2d 1165, 1171 (La.1987) (on rehearing) (explaining a justicia-ble controversy “connotes an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract, and a dispute which involves the legal relations of the parties who have real adverse interest, and upon which the judgment of the court may effectively operate through a decree of conclusive character.”).
|„In reaching this conclusion, we emphasize that the freedom of religious organizations to perform marriage ceremonies according to the dictates of their faith is not implicated herein. As the Court explained in Obergefell, “[t]he First Amendment ensures that religious organizations and persons are given proper protection as they seek to teach the principles that are so fulfilling and so central to their lives and faiths, and to their own deep aspirations to continue the family structure they have long revered.” op. at 648. Nonetheless, insofar as plaintiffs seek the benefits of the civil effects of marriage, Obergefell compels the conclusion that the State of Louisiana may not bar same-sex couples from the civil effects of marriage on the same terms accorded to opposite-sex couples.
Accordingly, the appeal is dismissed as moot. The case is remanded to the district court for further proceedings.
DECREE
For the reasons assigned, the appeal is dismissed as moot. The case is remanded to the district court for further proceedings.
KNOLL, Justice, additionally concurs and assigns reasons.
’ WEIMER, Justice, concurs and assigns reasons.
GUIDRY, Justice, additionally concurs and assigns reasons.
HUGHES, Justice, dissents and assigns reasons.
CRICHTON, Justice, additionally concurs for the reasons set forth by Justice Guidry.