NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2022 CA 0493

DAVID GRADON CLEMONS, JR.

VERSUS

KRISTEN RENEE DIABLE

*Judgment Rendered:* __JAN 1 0 2023__

* * * * * * * *

Appealed from the
21st Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
Case No. 2020-0000650

The Honorable Jeffery Oglesbee, Judge Presiding

* * * * * * * *

J. Gamson Jordan
Hammond, LA
Nicholas J. Muscarello
Hammond, LA

Counsel for Plaintiff/Appellant
David Gradon Clemons, Jr.

Tracy E. Gold
Covington, LA

Counsel for Defendant/Appellee
Kristin Renee Diable

* * * * * * * *

BEFORE: WELCH, PENZATO, AND LANIER, JJ.

Penzato, J., dissents with reasons

**LANIER, J.**

The plaintiff, David Gradon Clemons, Jr., appeals from the Twenty-First Judicial District Court's judgment declaring the March 20, 2019 marriage ceremony between Mr. Clemons and the defendant, Kristen Renee Diable, to be valid and in compliance with Louisiana Civil Code article 87, *et seq.* In this memorandum opinion, we affirm the trial court's declaratory judgment.

Mr. Clemons and Ms. Diable began a romantic relationship in 2017, during which Ms. Diable became pregnant. The couple then had a "commitment ceremony" on December 8, 2018. Both Mr. Clemons and Ms. Diable acknowledged that the commitment ceremony was not an official marriage ceremony, since they did not apply for nor obtain a marriage license, and the officiant of the ceremony was not licensed to perform marriages. The purpose of the commitment ceremony was to celebrate with their family and close friends.

The couple then planned to become legally married. They arranged for Dominique LaToya Papillon-Herr, a wedding officiant licensed to perform weddings in Louisiana, to meet them in New Orleans on March 20, 2019, with two of their friends serving as witnesses. The ceremony was to take place in Ms. Herr's office, but Ms. Herr notified the group that she was running late to her office and suggested they wait for her at a bar next door to her office. Ms. Herr met the group at the bar and asked them to follow her to her office, but the group stated they would rather perform the ceremony at the bar. Ms. Herr performed a "signing ceremony," which consists of the wedding couple, two witnesses, the officiant, and an agreement by the couple to be married. An official marriage license, as well as a commemorative marriage certificate, were signed by all the parties.

Ms. Diable gave birth on April 9, 2019. Mr. Clemons filed a petition for custody in Tangipahoa Parish on March 2, 2020, requesting joint custody with him

designated as the domiciliary parent, and alleging that Ms. Diable has substance abuse and mental health issues. On or about April 8, 2020, Ms. Diable filed a petition for divorce pursuant to La. C.C. art. 102 in Orleans Parish, claiming that she and Mr. Clemons were unofficially married in New Orleans on December 8, 2018, and then legally married in New Orleans on March 20, 2019. Ms. Diable claimed that since that time, she had separated from Mr. Clemons, who resided in Tangipahoa Parish, and moved with the child to Orleans Parish. She also claimed that Mr. Clemons has mental health, substance abuse, and anger issues, and has been abusive toward her and the child. She therefore requested that there be joint custody of the child with her designated as the domiciliary parent. Ms. Diable further requested a partitioning of the community property and a judgment of separation of property.

On May 6, 2020, Mr. Clemons filed a supplemental and amending petition for custody, motion for declaratory judgment, and alternatively petition for divorce pursuant to La. C.C. art. 102. Mr. Clemons alleged therein that he and Ms. Diable applied for and received a marriage license on February 27, 2019, which they signed on March 20, 2019; however, no vows or rings were exchanged, and the marriage license was never filed and subsequently expired. Mr. Clemons therefore attested that no legal marriage between himself and Ms. Diable had ever taken place, and requested that a declaratory judgment be issued, declaring that he and Ms. Diable had never been married. In the alternative, Mr. Clemons petitioned the court for a divorce pursuant to La. C.C. art. 102.

On January 10, 2022, the district court rendered and signed a judgment declaring that the ceremony conducted on March 20, 2019 was a valid marriage ceremony between Mr. Clemons and Ms. Diable and in compliance with La. C.C. art. 87, et seq. On February 4, 2022, Mr. Clemons filed the instant suspensive appeal of the January 10, 2022 declaratory judgment.

3

Mr. Clemons's sole assignment of error is that the district court abused its discretion by finding that the purported marriage of March 20, 2019, that occurred in a bar with no vows, exchange of rings or terms of endearment, or any type of ceremony was nevertheless legally valid. In reviewing the trial court's findings as to whether a valid marriage occurred, its factual findings should not be reversed on appeal absent manifest error, or when those findings are deemed as clearly wrong. See *Stobart v. State through Dept. of Transp. and Development*, 617 So.2d 880, 882 (La. 1993).

Louisiana Civil Code art. 87 states that a valid contract of marriage in Louisiana requires the absence of legal impediment[1], a marriage ceremony, and free consent of the parties expressed at the ceremony. A marriage ceremony requires the participation of both parties, and a third person who is qualified or reasonably believed by the parties to be qualified to perform the marriage ceremony. All three persons must be physically present at the ceremony when it is performed. La. C.C. art. 91.

It is undisputed that Mr. Clemons, Ms. Diable, and Ms. Herr were all present when the purported ceremony occurred. Ms. Diable testified she contacted Ms. Herr and requested that she be the officiant of the ceremony, and both Mr. Clemons and Ms. Diable stated that they believed Ms. Herr was legally authorized to perform marriage ceremonies. Ms. Herr stated in her deposition that she was legally authorized to perform marriage ceremonies. See La. R.S. 9:201. Ms. Herr further stated that, during the purported ceremony, when she asked Mr. Clemons and Ms. Diable if it was their intent to be married, they both said "yes."

---

[1] The Louisiana Civil Code lists the legal impediments as: an existing marriage; parties of the same sex, parties with blood relationship; and a party being under the age of sixteen. La. C.C. arts. 88-90.1. We note that the legal impediment of same sex has been declared unconstitutional by the United States Supreme Court and Louisiana Supreme Court. See *Obergefell v. Hodges*, 576 U.S. 644, 135 S.Ct. 2584, 192 L.Ed. 609 (2015); *Constanza v. Caldwell*, 167 So.3d 619. Regardless, Mr. Clemons has not raised the issue of a legal impediment to the marriage.

Mr. Clemons argues that the marriage cannot be valid since no rings or vows were exchanged, and that the marriage license was signed, but was not filed and subsequently expired. We initially note that none of these are explicitly required by La. C.C. art. 87. There is no Louisiana statute, nor any jurisprudence, which states that an exchange of vows and/or rings is a requirement for a valid marriage. Furthermore, comment (d) to the article states that the parties' failure to procure a marriage license will not prevent the creation of a valid marriage. See also *Succession of Jene*, 173 So.2d 857, 861 (La. App. 4 Cir. 1965). While La. R.S. 9:205 states that an officiant may not perform a marriage ceremony until he/she has received a license authorizing him/her to perform that marriage ceremony, it is silent as to whether the licensed must subsequently be filed in the public records.

At trial, Ms. Herr's deposition and photographs of the purported ceremony were filed into evidence. It is clear that the marriage license was signed from the evidence and undisputed by the parties. Ms. Herr testified in her deposition that the marriage license was signed by herself and the parties before a "fancy" or non-legal certificate, was signed. Ms. Herr stated both the legal and "fancy" certificates were signed and appear in the photographs. Additionally, the photographs further reflect the parties' consent to be married. Ms. Herr also stated that the marriage license did not have to be filed to make the marriage valid.

The evidence indicates that, while the marriage license may not have been filed, it was presented to Ms. Herr and signed by the parties at the ceremony, which would satisfy La. R.S. 9:205. The trial court clearly found Ms. Herr's deposition testimony credible, and we do not find that the trial court committed manifest error in doing so.

The judgment of the Twenty-First Judicial District court declaring the March 20, 2019 marriage ceremony to be in compliance with La. C.C. art. 87 *et seq.*, therefore effecting a valid marriage between the appellant, David Gradon Clemons,

5

Jr., and the appellee, Kristen Renee Diable, is affirmed. We issue this memorandum opinion pursuant to Uniform Rules—Courts of Appeal, Rule 2-16.1(B). See *Breen v. McMillin*, 2018-0909 (La. App. 1 Cir. 2/25/19), 2019 WL 926892, at *2 (unpublished). All costs of this appeal are assessed to Mr. Clemons.

**AFFIRMED.**

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2022 CA 0493

DAVID GRADON CLEMONS, JR.

VERSUS

KRISTIN RENEE DIABLE

**PENZATO, J., dissenting.**

I respectfully disagree with the majority opinion affirming the January 10, 2022 judgment because I do not believe we have jurisdiction over this appeal. Mr. Clemons sought a declaratory judgment that the parties "are not and have never been legally married to each other by law." I find that the January 10, 2022 judgment is an interlocutory ruling declaring the March 20, 2019 marriage ceremony to be valid. This court's appellate jurisdiction only extends to final judgments. In the absence of a valid final judgment this court lacks subject matter jurisdiction and the appeal should be dismissed. *Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.*, 2017-1250 (La. App. 1 Cir. 12/20/18), 268 So. 3d 1044, 1046 (en banc).

Thus, I respectfully dissent.