(78 South. 662)

No. 23031.

STATE v. WILLIAMS.

(April 29, 1918.)

*(Syllabus by the Court.)*

1. WITNESSES ☞243—LEADING QUESTIONS—TIMID WITNESS.

The rule of evidence forbidding leading questions must yield to the discretion of the trial judge in the examination of a very young or timid witness.

2. INDICTMENT AND INFORMATION ☞87(2) — SUFFICIENCY—DATE OF OFFENSE.

An indictment should not be held invalid or insufficient for stating incorrectly the date of the alleged crime, if the date or time be not of the essence of the offense.

3. INDICTMENT AND INFORMATION ☞159(1)—AMENDING INDICTMENT — TRIAL AMENDMENT.

Authority to amend an indictment, where amendment is permissible, is not confined to the grand jury. The trial judge may order an indictment amended during the trial, in the particulars mentioned in the Revised Statutes, on motion of the district attorney.

*(Additional Syllabus by Editorial Staff.)*

4. CRIMINAL LAW ☞1170½(3)—EXCEPTION—SUFFICIENCY.

A bill of exception to the overruling of defendant's objection that the district attorney's question to the prosecuting witness was leading was without merit, where the bill did not show that the witness answered.

5. WITNESSES ☞270(3) — CROSS-EXAMINATION—SCOPE.

Objections to the district attorney's cross-examination of defendant's witness were without merit, where it was as to a matter as to which he had testified for the defense.

Appeal from Fifteenth Judicial District Court, Parish of Beauregard; Winston Overton, Judge.

James Williams was convicted of rape, and he appeals. Verdict and sentence appealed from affirmed.

Robert J. O'Neal and Ped C. Kay, both of De Ridder, for appellant. A. V. Coco, Atty. Gen., and J. Sheldon Toomer, Dist. Atty., of Lake Charles (Vernon A. Coco, of New Orleans, of counsel), for the State.

O'NIELL, J. The defendant, appellant, was convicted and condemned to life imprisonment for the crime of rape.

[1] Bills of exception were taken to the overruling of his objections to the following question propounded by the district attorney to the prosecuting witness, the alleged victim of the crime, viz.: "Did defendant, James Williams, do anything to you at any of the times when he and you were at your mother's house to get your dinner?"

The objections were: First, that the question was leading; second, that the indictment did not show with sufficient certainty whom the defendant was accused of having ravished; and, third, that the answer might accuse the defendant of the commission of a crime on another date than that stated in the indictment, perhaps more than a year before.

The question did not suggest any particular answer, and was therefore not a leading question. If it could be considered suggestive of a particular answer, it would not be objectionable under the circumstances. The witness was less than 12 years of age; and the rule forbidding leading questions is not so rigid that it should not yield somewhat to the discretion of the trial judge in the examination of a very young or timid witness.

There was no merit whatever in the second objection, because the indictment gave the three names of the alleged victim of the crime, and described her as a female under the age of 12 years.

[2] Referring to the third objection, the statement per curiam shows that the occurrence referred to in the question was on or about the 28th of November, 1917. The indictment charged that the crime was committed on the 1st of December, 1917. It was afterwards amended by changing the date to the 28th of November, 1917, to correspond with the evidence. The testimony of the witness referred to only the one occurrence, on or about the 28th of November, 1917, and therefore did not produce the harm anticipated by the defendant's attorney when he objected to the question.

[3] When the district attorney moved to amend the indictment, the defendant's attorney urged the objections, first, that several witnesses had already testified in the case and that it was therefore too late to amend the indictment, and, second, that only a grand jury could amend an indictment. In overruling the objections, the judge suggested to the defendant's attorney that he would order a mistrial in the case if the attorney could show that the amendment of the indictment was prejudicial to the defense; and thereupon court adjourned for an hour to allow the defendant to make a showing that the amendment of the indictment prejudiced his defense. When court convened, at the end of the hour, the judge asked whether the defendant was ready to make a showing of prejudice to his defense, and his attorney replied that he would proceed with the trial reserving a bill of exceptions to the ruling of the court.

The statements per curiam show that all of the evidence introduced referred to only one crime, and fixed the date either on the 28th of November or on the 1st of December, 1917. The witnesses were not certain or exact about the date of the crime, but fixed it

within a few days from the 28th of November, 1917, if not on that date. The amendment of the indictment therefore was unnecessary and is unimportant. Section 1063 of the Revised Statutes provides that an indictment should not be held illegal or insufficient for stating incorrectly the date of the crime charged, if the date or time be not of the essence of the offense. Hence there was no merit in either of the objections to amending the indictment. Referring to the second objection, however, we may add that the authority to amend an indictment, where amendment is permissible, is not confined to the grand jury. The trial judge may order an indictment amended, in certain respects, on motion of the district attorney. See opinion handed down to-day in State v. Eddie Grimms, 78 South. 661, ante, p. 421, No. 23012.

[4] The next bill of exceptions was reserved to the overruling of the defendant's objection that a certain question propounded by the district attorney to the prosecuting witness was a leading question. The record does not show that the witness answered the question. Hence the bill of exceptions has no merit. If the record did disclose the answer of the witness, what we have said on the subject of leading questions with reference to the first bill of exceptions would be also applicable here.

[5] Another bill of exceptions was taken to the overruling of the defendant's objections to a question propounded by the district attorney to a defense witness on cross-examination. The record does not show that the witness answered the question. However, the objections were merely (1) that the district attorney was inquiring about the whereabouts of the defendant at a certain hour two days before the date of the alleged crime, and (2) that the question was irrelevant. There was no merit in the objections because the witness was being cross-

examined upon a matter of which he had testified for the defense.

We have not found any error in the rulings or proceedings complained of.

The verdict and sentence appealed from are affirmed.