PER CURIAM.
This is an appeal from a judgment convicting the appellant of the crime of simple burglary, La.R.S. 14:62, and fixing his punishment at nine years at hard labor in the State Penitentiary. Appellant relies on two bills of exceptions to obtain a reversal for the conviction.
Both bills of exceptions stem from the same complaint. Defendant objected to the introduction of evidence and testimony concerning certain money and a wallet, allegedly belonging to the victim, found *176 hidden in the house occupied by the defendant and his common-law wife.
We find no error in the trial court’s finding that the search and seizure and admissibility of evidence and testimony pertaining to it was constitutional and legal. The trial court’s per curiam sets forth one factual basis for this finding to the effect that even though the police entry into the dwelling was without a search warrant, permission was granted to enter the house by the woman with whom the defendant was living.
It is clear the common-law wife had authority over the house at the time of the search, and her consent to the search is valid. See Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); State v. Nelson, 261 La. 153, 259 So.2d 46 (rendered Feb. 21, 1972). See also State v. Andrus, 250 La. 765, 199 So.2d 867 (1967); State v. Comeaux, 252 La. 481, 211 So.2d 620 (1968).
The question of consent is a factual one which the evidence amply supports in this instance. Such a factual determination by the trial judge is given great weight and will not be disturbed upon appeal unless clearly erroneous. State v. Hall, 257 La. 253, 242 So.2d 239 (1970); State v. Lacoste, 256 La. 697, 237 So.2d 871 (1970).
For these reasons, we find the defendant.appellant’s contentions to be without merit. The conviction and the sentence are affirmed.