319 So.2d 299 (1975)
STATE of Louisiana, Appellee,
v.
Buford Anthony DUPUY, Appellant.
No. 56135.
Supreme Court of Louisiana.
September 5, 1975.
Rehearing Denied September 30, 1975.
*300 Gano D. Lemoine, Jr., Cottonport, Michael Kelly, Marksville, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Eddie Knoll, Dist. Atty., Jeannette Theriot Knoll, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant was convicted of second degree murder. La.R.S. 14:30.1 (1973). He was sentenced to life imprisonment at hard labor. He relies upon ten assignments of error for reversal.

(1)
The most serious assignments of error (Nos. 7-10) concern prejudicial remarks by a prosecutor during the cross-examination of the defendant Dupuy. The prejudicial colloquies occurred towards the conclusion of a protracted cross-examination of the defendant (Tr. 212-288) during the evening hours of the seventh day of a trial extending over eight days. Except for the brief lapses noted, the cross-examination was professional and dispassionate.
The defendant insists that a mistrial alone, moved for at the time, could cure the prejudice thereby sustained. The contention presents a close issue whether reversal is required.
Towards the conclusion of the cross-examination that evening the defendant's counsel objected to the prosecutor telling the defendant, "You're smooth", contending to the court that the prosecutor was "trying to prejudice the jury that the man is not telling the truth." The assistant district attorney immediately replied, "I definitely think he's not telling the truth." Tr. 267.
The defense immediately objected to this most improper remark and moved for a mistrial. The district court strongly admonished the jury to disregard the remark.
Shortly thereafter, the defendant himself told the assistant district attorney, in reply to a question, "I don't think, I don't think you know what you're asking." Tr. 268. This prosecutor immediately replied, "Well, I don't give a hoot what you think, Mr. Dupuy." The prosecutor immediately apologized. In denying the mistrial, the court stated, "Well, we're getting personal. Let's not get personal." Tr. 269.
The defendant then told the prosecutor, "* * * if I"ve upset you, I'm sorry... I'm sorry. I'm just trying to be truthful. I just want to tell you everything. I just" Whereupon the prosecutor flashed back, "If you were truthful, Mr. Dupuy, I wish that you would say you abducted Mr. Larry Normand from his house, knocked him out" Tr. 269-70.
*301 At this point, defense counsel strongly objected again to these most improper remarks and moved for a mistrial. (It should be noted that the defendant admitted having shot the decedent Norman when the latter came to his home; however, he insisted that it resulted from an accidental discharge of his pistol during a tussle. However proper as a deduction from circumstantial evidence the prosecutor's comment may have been by way of argument to the jury at the proper time, the remarks by the prosecutor were statements of fact by the prosecutor rather than questions. They presupposed as established fact that the defendant was guilty of a criminal course of conduct.)
The trial court indicated disapproval of the comment, concluding to the jury: "Gentlemen, you know, sometimes we get tired. I think we better recess until tomorrow morning." Tr. 270. The rest of the cross-examination the following morning was uneventful, with the case going to the jury that noon.
The remarks by the prosecutor approached but did not fall within the category of prosecutorial statements which require mandatory mistrial under La.C.Cr.P. art. 770. Thus, a mistrial was required only if an admonition by the trial court was not sufficient to assure the defendant a fair trial. La.C.Cr.P. art. 771. However, the close issue presented is whether the trial court's admonitions, reprimand, and the recess it declared were sufficient to cure the prejudicial effect of the prosecutor's improper remarks concerning the credibility of the accused and his part in the crime. State v. Gaspard, 301 So.2d 344 (La.1974).
We have discussed the improper remarks in their immediate context at such length partly to indicate that they were impromptu responses to defense arguments or statements. While not necessarily excusable on that account, nevertheless taking into consideration this context in which they were made and the minor part the isolated remarks played in a long, full, and fair cross-examination, we do not feel the trial court erred by denying a mistrial. We cannot say the trial court abused its discretion by instead admonishing the jury and reprimanding the prosecutor, in the belief that these lesser measures were sufficient to preserve the fairness of the trial despite the improper comments of the prosecutor.

(2)
The other assignments of error are also without reversible merit:
Assignment One: The accused's wife voluntarily consented to searches of the trailer-home of herself and the accused. She signed two written consents to search, July 4 and July 8, and in addition verbally consented on other occasions, according to the sheriff's testimony. The consent of a spouse to search of jointly owned and controlled premises permits a warrantless search. United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed. 2d 242 (1974); State v. Taylor, 303 So.2d 169 (La.1974); State v. Hubbs, 261 La. 173, 259 So.2d 53 (1972). The defendant did not bear his burden of proving illegality of the search. La.C.Cr.P. art. 703.
The wife's consent is shown to have been freely given and not induced by artifice. We do not find factual merit in the contention that the consent was invalidated by her emotional state at the time. The State bore its burden of proving by clear and convincing evidence that the consent to the search was freely and voluntarily given. State v. Welch, 256 La. 1, 235 So.2d 72 (1970).
Assignments Two and Five: The defendant claims that the venue should have been changed (Two) or that, at any rate, the trial jury should have been sequestered (Five), due to the great public prejudice against the defendant in the locality. The showing made does not convince *302 us that the trial court abused its discretion in either instance. See State v. Depuy, 319 So.2d 294 (rendered this date), wherein we discussed in more detail the evidence for a change of venue of both prosecutions. (No other evidence is in the present record.)
Assignment Three: The defendant contends that the trial court erroneously denied his challenge for cause of the prospective juror Jeansonne. The defendant's counsel challenged Jeansonne for cause, on counsel's statement that during the noon hour Jeansonne had expressed prejudice against the defendant. In rejecting the challenge, the court pointed out that Jeansonne was not asked whether he had made the statement and that there was no evidence to such effect and that counsel's assertion was not evidence. Jeansonne was still available for questioning at the time. Instead of pursuing the challenge for cause, counsel then exercised peremptory challenge against Jeansonne's serving. We find no error in this trial court's ruling.
Assignment Four: During the jury selection process, the defendant filed a motion for the state to produce a note signed by the decedent which incriminated the accused. The purpose was to secure for the defendant independent examination as to its authenticity. The assignment is based upon the trial court's denial of the motion.
However, immediately after the denial, the prosecutor furnished the defense with a xeroxed copy of the note, in compliance with the request. No further complaint was made, nor was any complaint made during the trial, for instance at the conclusion of the State's handwriting expert's testimony, that the xeroxed copy was not sufficient for defense purposes. We find no merit to this assignment.
Assignment Six: We find no error in the trial court ruling admitting into evidence a non-gruesome photograph of the corpse of the decedent. See State v. Chavers, 294 So.2d 489 (La.1974).

Decree
Accordingly, we affirm the conviction and sentence.
Affirmed.
BARHAM, J., dissents with reasons.
BARHAM, Justice (dissenting).
The majority has held the following comments made by the assistant district attorney in cross-examination of the defendant to be non-prejudicial:
The assistant district attorney, first commenting upon an answer by telling the defendant, "(y)ou're smooth," then stating, "I definitely think he's not telling the truth," thereafter stated to the defendant, "Well, I don't give a hoot what you think, Mr. Dupuy (the defendant witness) * * * I wish that you would say you abducted Mr. Larry Normand from his house, knocked him out."
At each point in the trial, defense counsel objected and moved for a mistrial. This is one of numerous cases arising in this jurisdiction where over-zealous prosecution or lack of the understanding of the role of the prosecutor has led the State to make outrageously prejudicial remarks regarding testimony from the witness stand. See my dissent in State v. Lepkowski, La., 316 So.2d 727.
The majority permits this activity to continue with the statement that the remarks "approached but did not fall within the category of prosecutorial statements which require mandatory mistrial under La.C.Cr.P. art. 770." As indicated in the prior dissent this approach by this Court will merely encourage the prosecution to see how far it can go with personal remarks of a prejudicial nature before this Court will find them to be reversible.
*303 After looking at the case before us, and State v. Lepkowski, supra, I would be constrained to say that the prosecution is being offered much leeway in chosing its weapons in "currying" the jury's disposition for conviction.
I respectfully dissent.