329 So.2d 431 (1976)
STATE of Louisiana
v.
Robert BARTLEY.
No. 56529.
Supreme Court of Louisiana.
March 29, 1976.
*432 Charles L. Brumfield, Boutte, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Melvin P. Barre, Dist. Atty., Norman J. Pitre, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged the defendant, Robert Bartley, with armed robbery in violation of LSA-R.S. 14:64. After a trial by jury, he was convicted and sentenced to eighteen years imprisonment, without benefit of probation, parole, or suspension of sentence. On appeal to this Court, defendant relies upon seven assignments of error. Assignment of Error No. 5 was neither briefed nor argued and is considered abandoned. See State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972). Finding merit in none of them, we affirm the defendant's conviction and sentence.

ASSIGNMENTS OF ERROR NOS. 1-4
In these assignments of error, defendant complains that the trial judge erroneously denied his motion to suppress certain evidence seized at an apartment at 101 Morgan Street in Hahnville, Louisiana. Defendant contends that the evidence was seized in a warrantless search that violated his Fourth Amendment rights.
The pertinent facts, developed at the hearing on the motion, are as follows: State Trooper W. McBroom received information over his radio that an armed robbery by four masked black men was then in progress at Gaston's Bar in Hahnville. He broadcast an alert and rushed to the scene, just missing the robbers' departure. A witness reported seeing a black car with several men in it driving very fast away from the bar towards a school. Trooper McBroom found the car behind the school building a few blocks away. It matched the witness's description; additionally, he noticed several rolls of coins on the floor and seats. When other officers arrived a man baling hay in a nearby field told them that a few minutes previously he had seen four or five black males in the same car drive to the end of the road in his field, reverse the car, and quickly back up. Two or three of them jumped out of the car and ran through the grass toward some nearby apartments.
Within fifteen minutes, the officers put the apartments under surveillance, especially observing the activities at 101 Morgan *433 Street, one side of a duplex a few hundred feet from the abandoned car. Upon arrival of additional officers, the police approached the apartment and questioned Jules Scott, who was repairing a car in front of No. 101. Officer Faucheaux testified that Scott told him that he lived there with Christine Antonio as her common-law husband and that Scott voluntarily gave them the apartment key, which was inside the car. When the officers opened the door with the key, the police saw the defendant Bartley, who attempted to flee, and a quantity of money on the floor. They investigated noises in the other rooms and found three other suspects and a large amount of cash. They then arrested the four suspects and seized the cash, several pistols, a wrist watch, and a wallet.
Defendant's only witness at the hearing was Jules Scott, who testified that he did not give the police permission to search the apartment, because he was not living there at that time. He testified that the police took the keys from his car against his will and that he had been afraid someone would shoot him as some of their guns were drawn. Deputy Faucheaux's testimony directly contradicted Scott's. The trial judge, evaluating the credibility of the witnesses, stated that he did not believe Scott's testimony because of his relationship with the defendants.
Consent is one of the well-recognized exceptions to the search warrant requirement. See e. g., Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). It is clear that Scott, the common-law husband of the person in whose name the apartment was leased, had authority over the apartment at the time of the search, and his consent to a search is valid. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); State v. Hubbs, 261 La. 173, 259 So.2d 53 (1972). Furthermore, the question of consent is a factual one. A factual determination by the trial judge, especially when as here it involves the credibility of witnesses, must be given great weight on appeal. State v. Hubbs, supra; State v. Hall, 257 La. 253, 242 So.2d 239 (1970). We find no error in the trial judge's finding that the consent was valid.
These assignments of error have no merit.

ASSIGNMENT OF ERROR NO. 6
Defendant alleges that the trial judge erred in refusing to order a directed verdict in his favor because the State failed "to meet its burden of proof." In State v. Douglas, La., 278 So.2d 485 (1973), this Court held that the denial of a directed verdict can be reversed on appeal only when there is no evidence of an essential element of the crime charged. We have reviewed the transcript and find some evidence of all the elements of the crime.
This assignment of error is without merit.

ASSIGNMENTS OF ERROR NOS. 7 AND 8
Defendant alleges that he was not convicted on "evidence strong enough to sustain a conviction beyond a reasonable doubt"; he contends that he should be granted a new trial under Article 851(5) of the Louisiana Code of Criminal Procedure, which provides for the granting of a new trial whenever the court is of the opinion that the ends of justice would be served thereby.
It is well established in Louisiana that an assignment of error reserved to the denial of a motion for a new trial alleging that the verdict is contrary to the law and the evidence presents nothing for appellate review. State v. Williams, La., 310 So.2d 513 (1975); State v. Hollingsworth, La., 292 So.2d 516 (1974); State v. Washington, La., 292 So.2d 234 (1975).
The assignments of error have no merit.
For the reasons assigned, the conviction and sentence are affirmed.