336 So.2d 791 (1976)
STATE of Louisiana
v.
Albert GRIFFIN.
No. 57599.
Supreme Court of Louisiana.
June 21, 1976.
Rehearing Denied September 10, 1976.
Dennis J. Vidrine, Lafayette, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., Byron P. Legendre, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
Defendant, Albert Griffin, was convicted of armed robbery, La.R.S. 14:64, and sentenced to a term of fifteen years at hard labor, without benefit of parole, probation or suspension of sentence. He seeks reversal of his conviction and sentence on the basis of the following assignment of error:
"Prior to trial of the defendant in the above numbered and entitled cause, defendant, through his counsel, filed a motion to suppress evidence and an amended motion to suppress evidence, wherein defendant sought to suppress for use as evidence any and all evidence relative to identification of the defendant at a photographic line-up held on March 24, 1975, and at a corporeal line-up held on March 25, 1975; and further, to suppress any and all physical evidence collected as a result of said pre-trial identification procedures; and further, to suppress any and all testimony by the victim as to any in-court or out-of-court identification of the defendant. The court denied defendant's motion on May 28, 1975, and defendant objected to the court's ruling. The defendant has been prejudiced by the court's ruling."
On March 23, 1975 at about 8:00 p.m. Tommy Sonnier, sales clerk at a convenience store in Lafayette, was robbed at *792 gunpoint by a black male. Sonnier, who was engaged in conversation with two children at the time the robber entered, observed his actions for about ten minutes before the crime occurred. The felon entered with nothing over his face, went to the back of the store and rummaged through some cold drink boxes before slipping a nylon stocking over his face and approaching the check-out counter where Sonnier was standing. During the interval before the robbery Sonnier observed the black male both directly and through large mirrors stationed in the store. He testified that he suspected that criminal activity might be afoot but was frightened to call for the police because the suspect could also see his movements.
Shortly after the robbery police investigators asked Sonnier to look through approximately one hundred photographs. He selected two black and white photographs of a person that he said resembled the robber. Both pictures were photographs of the defendant, Albert Griffin. Afterwards, Sonnier overheard the police officers conversing out of his presence in a nearby room. He heard one of them say something about a dangerous criminal suspected of having committed other crimes, and he gathered the person he had just identified was the subject of these remarks. But Sonnier testified that he did not get the impression the police had previously suspected the subject of the robbery.
The next day, Sonnier was shown color photographs of five black males and from these he selected a photo of the defendant as a person resembling the robber. Defendant complains that this procedure was unnecessary and tainted by the remarks overheard by Sonnier the previous evening. However, defendant does not argue, and we find no evidence that, this second photographic display was itself impermissibly suggestive.
The defendant was arrested for the instant crime at 9:26 p.m. on March 24, 1975 at the Lafayette city police station. He had been brought in because of an unrelated charge and his attorney was with him at the time. The following day a live line-up was conducted with the defendant's attorney present. Because of defense counsel's objections the participants in the line-up were presented in sitting positions to the viewers so as to compensate for the discrepancies in their heights. Just before entering the room where he observed the line-up Sonnier had a conversation with another robbery victim who was there for the same purpose. They discussed the physical characteristics of their assailants and Sonnier concluded that the same person had committed both crimes. However, Sonnier went into the line-up viewing room without the other robbery victim and independently and positively identified the defendant, Albert Griffin, as the man who had robbed him on March 23, 1975. After making the identification, Sonnier also informed the police that the defendant had on the same plaid trousers he wore on the night of the robbery, a detail concerning the crime of which the officers apparently were not previously aware.
In State v. Chaney, 273 So.2d 259 (La.1973) this Court held that the district judge's determination on the admissibility of a photographic identification is given great weight and will not be disturbed on appeal unless the preponderance of evidence clearly so mandates. Despite some troublesome aspects of the case, we cannot say that a clear preponderance of evidence has been leveled against the trial judge's decision.
Sonnier identified the defendant as the robber on three separate occasions. Clearly, his initial identification of defendant from the police photograph files was untainted by any improper procedures. We do not find it likely that the later identifications were impermissibly influenced by the victim's inadvertently overhearing the conversation in police headquarters *793 to the effect that the person he had identified was a dangerous criminal. Nor do we feel that the identification at the corporeal line-up had any relation to Sonnier's conversation with the other robbery victim.
We have inspected the first two photographs selected by Sonnier, the second photographic display, and a photograph of the live line-up. Our inspection has uncovered no impermissibly suggestive features in the subject's appearance. It is unfortunate for the defendant that Sonnier identified defendant's trousers as well as his person; however, the defendant was represented by counsel who did not object to defendant's apparel at the line-up, and there is no evidence the police officers were aware of this coincidence beforehand. Consequently we find no reversible error in the trial judge's denial of the motion to suppress.
The conviction and sentence are affirmed.
Affirmed.