343 So.2d 1024 (1977)
STATE of Louisiana
v.
George TEMPLE.
No. 58678.
Supreme Court of Louisiana.
February 28, 1977.
Rehearing Denied April 7, 1977.
Louis A. Heyd, Jr., New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John J. Mamoulides, Dist. Atty., Abbott J. Reeves, Director, Research and Appeals Div., Gretna, for plaintiff-appellee.
CALOGERO, Justice.
Defendant George Temple was charged by bill of information with possession with *1025 intent to distribute a controlled dangerous substance, to-wit: marijuana, in violation of La.R.S. 40:966(A). After electing to waive trial by jury, defendant was tried, found guilty as charged and sentenced to serve four years at hard labor. On appeal he relies on two assignments of error for reversal of his conviction and sentence.
Prior to trial defendant filed a motion to suppress certain physical evidence consisting of forty pounds of marijuana on the ground that the evidence was seized incident to an unlawful search in violation of his rights under both the United States and Louisiana Constitutions.[1] After a hearing, the trial court denied the motion. Defendant's objection to this ruling forms the basis of his assignment of error number one. At trial defendant objected to the introduction of the evidence seized incident to the search on the same ground previously urged at the motion to suppress. The trial court overruled this objection and defendant now assigns that ruling as error number two. Because the merit of these assignments depends upon the constitutionality of the search, they will be treated together.
The pertinent facts, developed at the motion to suppress, are as follows:
Officer Arthur Steckler of the Jefferson Parish Sheriff's Office testified that at approximately 2:00 a. m. on November 29, 1974 he received a call from Tom Clayton, a Dallas policeman, advising him that a shipment of about fifty pounds of marijuana would be brought shortly into New Orleans by a black male named George Temple on Delta flight 880. He further told Officer Steckler that the marijuana would be concealed in a suitcase and gave the dimensions and description of a plaid suitcase as well as its claim ticket number. Officer Steckler, accompanied by Officers Emmet Higginbotham, Charles Machauer and Allen Drumm proceeded to the New Orleans International Airport and set up a surveillance of the baggage claim area, the passenger exit and the ramp used to unload luggage from Delta flight 880. When the flight arrived, Officer Machauer watched for and located the suitcase bearing the claim number given by the Dallas police and fitting the descriptions supplied. It was transported by conveyor belt to the claim area where the officers observed a black male pick up the suitcase and present his claim check for it. The four officers then approached the defendant, identified themselves as policemen and asked defendant to accompany them to the airport police room, which he did. All four officers testified that defendant was there advised of his Miranda rights and asked if he would mind if they looked in his suitcase. Each of the officers testified that defendant was cooperative and voluntarily unzipped the suitcase. Moreover, each affirmatively stated that defendant was not threatened in any way during the entire transaction.
Defendant testified that he was advised he was under arrest as soon as he picked up his suitcase and before he was brought to the airport "police room." He claimed that he could not remember whether he or the officers opened the suitcase but admitted that he had not protested this action. Defendant *1026 made no claim that he was threatened. At best he said that he was "crowded" by the officers and that he went along with everything to find out what was going on.
It is well settled that a valid search or seizure may be made without a warrant where the accused consents to a search or seizure. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Bartley, 329 So.2d 431 (La. 1976); State v. Rogers, 324 So.2d 403 (La. 1975). Defendant argues in brief that his consent (although he denies giving it) was not free and voluntary because he was not informed of his right to refuse to consent and because he was intimidated by the police. He claims that it is incredible to believe that defendant freely consented to the search when he knew he was carrying an illegal substance.
In Schneckloth v. Bustamonte, supra, the United States Supreme Court held that warning the suspect of his right not to consent to a search is not required; lack of such warning is only one factor in determining the voluntary nature of consent. The question of whether consent to a search was voluntary or was the result of duress or coercion is a question of fact to be determined from the totality of the circumstances. Schneckloth v. Bustamonte, supra; State v. Bartley, supra; State v. O'Conner, 320 So.2d 188 (La.1975). We have held that the factual determination of the trial judge on this issue is entitled to great weight inasmuch as it involves the credibility of witnesses he has had the opportunity to hear and observe. State v. Bartley, supra. The record in the instant case fully supports the trial judge's finding that the defendant consented to the opening and search of his suitcase. Accordingly the evidence seized was not the product of an unconstitutional search; the trial judge did not err in overruling defendant's pre-trial motion to suppress the evidence and his objection to its introduction at trial.
For the reasons stated above, we find the assignments without merit. Accordingly we affirm the conviction and sentence of defendant George Temple.
NOTES
[1] The fourth amendment to the United States Constitution provides:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."
The right to privacy embodied in this amendment was declared enforceable against the states via the due process clause of the fourteenth amendment to the United States Constitution in the case of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).
Article I, section 5 of the Louisiana Constitution of 1974 provides:
"Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy. No warrant shall issue without probable cause supported by oath or affirmation, and particularly describing the place to be searched, the persons or things to be seized, and the lawful purpose or reason for the search. Any person adversely affected by a search or seizure conducted in violation of this Section shall have standing to raise its illegality in the appropriate court."