WRIT GRANTED AND MADE PEREMPTORY.
In this application, the State of Louisiana sought supervisory review of the denial of a motion to produce samples in which they requested that the defendant, charged with Aggravated Rape, be required to submit a sample of his seminal fluid. After reviewing the record and the arguments of counsel, we believe that the taking of the sample is warranted.
Testimony at the hearing on the motion establishes that the rape victim does not secrete blood group specific substances into her body fluids. The male fluids found at the rape scene indicate that the perpetrator of the rape is also a non-se-cretor. The defendant’s saliva test shows that he is a secretor. A test of his seminal fluid is necessary to establish whether he is an atypical or aberrant secretor, i.e. that he *15 secretes blood group specific substances into his saliva but not into his semen.
The Supreme Court has upheld the collection of a penile discharge sample from a rape suspect to test for the presence of gonorrhea. State v. Carthan, 377 So.2d 308 (La.1979). See also State v. Martin, 404 So.2d 960 (La.1981). Testing of Davis’ seminal fluid will have probative value either to exclude him as the perpetrator of the rape or to explain the absence of blood group specific substances from the seminal stains obtained from the victim and from the scene of the alleged rape. The expert testified that atypical or aberrant secretors compose approximately 1% to 2% of the population; therefore, there remains a 98% to 99% chance that the defendant will be excluded.
Because we believe that the evidence is likely to be probative, and the intrusion required to obtain the evidence is minimal and reasonable, we find that the taking of the sample is justified and would best serve the ends of justice.
The writ is therefore granted, made peremptory, and the State’s motion to obtain a sample of penile fluid from the defendant is hereby granted.