YELVERTON, Judge. '
Roy Lee Jones appeals his conviction of armed robbery (LSA-R.S. 14:64) and aggravated rape (R.S. 14:42) on the basis of nine argued assignments of error. We find no merit to any assignment, and affirm the convictions.
On July 6, 1983, at about 2:00 in the afternoon, the victim, Mary Valley, working alone in her place of business, a flower and gift shop in Alexandria, noticed the defendant for several minutes looking through the display windows into the store. She became suspicious and was about to go lock the door, when he entered. After looking about momentarily, he produced a pistol and forced her to the cash register, where she gave him money.
Then the defendant, putting a stocking over his head, lead the victim into a back room, threatened to kill her if she did not submit, had sexual intercourse with her on a table in the back room, warned her not to tell anyone, and left. The victim went next door and called the police.
An investigation of the scene found that two good latent prints had been left on the table where the attack occurred. Expert testimony established that the palm and finger prints left at the scene matched those of the defendant.
Defendant was indicted by a grand jury for armed robbery and aggravated rape, and tried and convicted by a jury on both charges.
ASSIGNMENTS OF ERROR NOS. 1, 2, 3, AND 4:
While awaiting trial on these charges, defendant spent about two months in the Louisiana State Penitentiary serving time on another, unrelated conviction. It was while he was at the penitentiary that the palm and finger print exemplars were taken. By these assignments the defendant argues that the palm and finger print evidence should have been suppressed because he lacked assistance of counsel at the time. Several motions and a request for a continuance based on this point, were all rejected by the trial court.
Defendant cites Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), for the proposition that the procedure utilized here violated his Sixth Amendment right to counsel. In Massiah, supra, after the indictment the defendant made an incriminating statement without benefit of counsel. The court held that the statement was inadmissible because the defendant’s Sixth Amendment right to counsel had been violated.
In respect to these constitutional protections the courts have distinguished evidence of a communicative nature from the physical characteristics of a defendant. Unlike Massiah, this case involves the physical character of the defendant’s palms and fingers.
In Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), the United States Supreme Court held that the taking of a suspect’s handwriting examplars was not a “critical” stage of the proceedings at which a defendant is entitled to assistance of counsel. The court reasoned that that procedure involved only a minimal risk to defendant’s right to a fair trial. Therefore, the absence of counsel was of no importance.
The privilege against self-incrimination extends only to evidence of a testimonial or communicative nature; therefore, the gathering of physical evidence from an accused is not a violation of this privilege. Schmerber v. California, 384 U.S. 757, 86 *150 S.Ct. 1826, 16 L.Ed.2d 908 (1966); State v. Carthan, 377 So.2d 308 (La.1979).
Finally, the Louisiana Supreme Court in State v. Taylor, 422 So.2d 109 (La.1982), held that the trial court correctly admitted palm and finger prints taken from a defendant while he was incarcerated, without benefit of counsel.
It appears that a defendant is not constitutionally entitled to have counsel present at the gathering of print exemplars. To the extent that these assignments of error make this argument, they lack merit.
Assignment of error no. 3 was addressed to the failure of the trial court to grant a continuance of the trial. The motion for a continuance was based on alleged prejudice due to the absence of defendant pending trial.
On October 21, 1983, there was filed a “Motion to Secure the Availability of a Prisoner.” The motion declared that the trial dates were November 7 and 14, and that the defendant’s counsel wanted him available in the home jail to await the outcome of both trials. An attached order granting the motion was signed and the defendant, who was then at Hunt Correctional Institute, was returned to the parish jail in Rapides Parish. He stayed there until the November trial dates but the trials were postponed until March. Unknown to his attorney, sometime in January 1984 he was moved to the penitentiary at Angola. Still unknown to his attorney, he was returned to the parish jail in early March to await his March trial. It was after his return that his attorney went to see him and discovered that he had been gone. The trial judge denied a continuance on these facts, explaining that although there was a technical violation of the order to keep the defendant peresent for his and his attorney’s convenience, it had not suited their convenience to visit with one another during his relatively short absence, and therefore there was no harm done by whatever violation occurred of this court order, and there was thus no foundation demonstrated for the granting of a continuance.
A decision to grant a continuance in a criminal proceeding lies within the discretion of the trial court. State v. Gordy, 380 So.2d 1347 (La.1980). We find no abuse of that discretion in this case.
These assignments of error are without merit.
ASSIGNMENT OF ERROR NO. 5:
The trial court allowed the victim to testify, over timely objection by the defendant, that her husband was the pastor of the Second Nazarene Baptist Church in Alexandria. The admission of this testimony is the subject of defendant’s fifth assignment of error. The defendant contends that the statement was irrelevant, immaterial and highly prejudicial.
The fact that the victim was married to someone other than the defendant was relevant. La.R.S. 15:441. However, the remainder of this statement was immaterial. La.R.S. 15:435. It was error to admit the statement, but it was harmless error.
The test for determining if the error was harmless was established by the Louisiana Supreme Court in State v. Gibson, 391 So.2d 421 at 428 (La.1980). After explaining that our State Constitution and statutory harmless error rule admonish a reviewing court generally to shun factual questions and to reverse only when substantial rights of the accused have been affected, the court stated:
“It appears that the Chapman test, i.e., ‘whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction’ and that ‘the court must be able to declare a belief that [the error] was harmless beyond a reasonable doubt,’ will assist this court to fulfill both of the requirements of state law_” (Quoting Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).)
The statement could not have had an impact on the sufficiency of evidence introduced as to any particular element of the offense of aggravated rape. Any possible reflection on the character of the victim *151 was negligible. The question to be asked is whether knowing that the victim’s husband was the pastor of the Second Nazarene Baptist Church in Alexandria would make it reasonably possible that the jury would be more disposed to convict defendant than if they did not have that knowledge. To ask the question is to answer it. The error was harmless beyond a reasonable doubt. The admission of the statement did not contribute to the defendant’s conviction.
This assignment is without merit. ASSIGNMENT OF ERROR NO. 7:
Defendant’s seventh assignment of error alleges that the victim’s in court identification of the defendant as the perpetrator of the crimes charged lacked a proper foundation. Counsel for defendant contends that the admission of this identification over his objection was error.
The United States Supreme Court in Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), held that the key to determining the admissibility of identification testimony is reliability. The Louisiana Supreme Court adopted a similar position in State v. Davis, 409 So.2d 268 (La.1982), and in State v. Smith, 418 So.2d 515 (La.1982).
The five factors established by the Brathwaite decision and our Supreme Court’s interpretation of that decision in Davis are: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness’s degree of attention; (3) the accuracy of his prior description of the criminal; (4) the level of certainty displayed at the confrontation; and (5) the time between the crime and the confrontation.
The victim’s testimony shows she had sufficient opportunity to view the defendant. He was in her presence for some 10-15 minutes during the day and within a well lighted area. The victim saw the defendant looking into the store, and saw him enter the store and place the mask over his face. For some period of that time her attention was directed solely to him, because the defendant was the only person in the store and the nature of the crime required close contact. The victim stated at the trial that she had no doubt that the defendant was the perpetrator, and that she would never forget it (his appearance) as long as she lived. Her level of certainty was high.
The trial judge’s determination of admissibility is entitled to great weight and should not be disturbed unless a preponderance of evidence clearly mandates. State v. Stewart, 387 So.2d 1103 (La.1980); State v. Griffin, 336 So.2d 791 (La.1976). The likelihood of misidentification under the circumstances presented here is not sufficient for this court to change the trial court’s ruling. Therefore, this assignment lacks merit.
ASSIGNMENT OF ERROR NO. 8:
By this assignment defendant contends that the victim’s in-court identification of the defendant as the perpetrator should have been excluded since the state failed to inform him of its intent to use that evidence. Specifically, defendant complains of the lack of notice within the state’s answer to his motion for bill of particulars.
The purpose of the bill of particulars is to set forth more specifically the nature and cause of the charge against a defendant. La.C.Cr.P. art. 484.
This assignment is without merit for at least three reasons: first, the defendant did not request that information from the state in his motion for bill of particulars; second, even had he requested the names of the state’s witnesses, he would not have been entitled to them, State v. Loyd, 425 So.2d 710 (La.1982); State v. Marks, 337 So.2d 1177 (La.1976); and third, the state’s bill of particulars, by clear implication actually supplied that information, stating that its case relied in great part on the victim’s testimony.
ASSIGNMENT OF ERROR NO. 9:
By his final assignment of error, the defendant contends that the trial court *152 erred in admitting the introduction of the latent prints without sufficient foundation. Defendant’s position is that the record contains no evidence of the defendant placing his hands on the table at the scene of the crime, or when that might have occurred.
In order to introduce demonstrative evidence, it suffices if the foundation laid establishes that it is more probable than not that the object is connected with the case; lack of positive identifications goes to the weight of the evidence rather than to its admissibility. State v. Taylor, 422 So.2d 109 (La.1982); State v. Sam, 412 So.2d 1082 (La.1982). The state laid a proper foundation in this case. The victim testified that the defendant placed her on the table, he had intercourse with her on the table, and the table was in the back of the store in a basement area generally inaccessible to the public.
The state established a probable connection between the prints and the crimes involved here. It was up to the jury to assess the evidence and weigh it.
This assignment of error lacks merit.
Convictions AFFIRMED.